# W. I. Grinestaff, Appellee, v. The New York Central Railroad, Appellant.

## Gen. No. 8,381.

Opinion filed April 22, 1930. Rehearing denied May 31, 1930.

REARICK & MEEKS, for appellant; S. C. MURRAY, of counsel.

HUTTON & CLARK, for appellee; ERNEST HUTTON, of counsel.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

W. I. Grinestaff, appellee, recovered a judgment in the circuit court of Vermilion county in an action on the case for $7,500 to reverse which this appeal is prosecuted. On a former trial appellee also recovered a judgment which was reversed by this court for the reasons stated in our opinion rendered on that appeal. *Grinestaff v. New York Cent. R. Co.*, 253 Ill. App. 589. Before the last trial the counts in the declaration based on wilful and wanton negligence were eliminated and a number of additional counts were filed and some additional evidence on behalf of appellee was introduced. The case was tried under the first, third, fourth, sixth and seventh counts of the original declaration and the first, second, third and fifth additional counts in all of which is charged common-law negligence on the part of the servants of appellant in backing an engine and tender across a public crossing in the City of Hammond, Indiana, except that in the first additional count there are set out certain sections of a statute of that State which provide that all railroads operating in the State shall have attached to each locomotive engine a whistle and a bell and that the engineer or other person in charge of or operating such engine when such engine approaches the crossing of any public highway in the State, and when it is not less than 80 nor more than 100 rods from such crossing, shall sound the whistle distinctly three times and ring the bell continuously until such engine shall have fully passed such crossing and that the company in whose employ such engineer or person may be shall be liable in damages to any person or their representatives who may be injured in property or person by the negligence or failure of such engineer or other person as aforesaid.

The accident occurred in the outskirts of the city of Hammond, Indiana, while appellee was driving an automobile north on Kennedy Avenue between 12:30 and 1:30 o'clock on the morning of Saturday, November 26, 1927. The automobile was driven by appellee and on the front seat with him sat a lady, Mrs. Cobb, who was killed in the accident. On the back seat of the automobile were Mr. and Mrs. Burnett. The tracks of appellant run east and west across Kennedy Avenue which extends north and south. There was a double set of railroad tracks, one for the eastbound traffic and one for the westbound traffic. West of the crossing were what are known as the Gibson Yards. Sixty freight cars had been delivered to these yards and the engine and tender were backing eastward on the south track across Kennedy Avenue when the accident happened. It was a very dark night and objects could be seen but a short distance. The engineer on the engine had shut off the steam and the engine was "drifting" down to the crossing. There were red crossing lights at the crossing but no gates, flagman, signal or other devices to give warning of the approach of railroad cars. The evidence for appellee tended to show that as he approached the crossing he drove very slowly, about eight miles an hour; that he looked both ways, both east and west and saw no train approaching from either direction; that no whistle was blown nor bell rung; that he heard no sound of any approaching train; that there was no light upon the rear end of the approaching tender and that the headlight on the engine which was facing east while it was backing was dimmed so that it could not be seen by anyone west of the tender; that just as the front end of the automobile of appellee crossed the south rail of the eastbound track a large dark object loomed up on the west side of the automobile and collided therewith resulting in the destruction of the car and severe injuries to appel-

lee. The conflict in the evidence is in regard to whether the whistle was blown and the bell rung and whether there was any light on the rear end of the tender. The engineer and fireman testified that there was a small blizzard light in the center of the rear end of the tender three and one half or four inches in diameter which was lit and that the whistle was blown as the engine approached the crossing and the bell was ringing. The apparent weight of the evidence is that no such signals were given before the collision and there was no blizzard light on the tender. Such being the evidence it was a question of fact whether appellant was guilty of the negligence charged and whether appellee exercised due care in attempting to pass over the crossing.

It is urged that the court erred in refusing to give the third, sixth and seventh refused instructions. The substance of the third refused instruction is embodied in instructions five and eight given for appellant as were also the principles announced in refused instruction six. The seventh refused instruction is as follows: "7. The court instructs you as to the fifth additional count of the plaintiff's declaration, wherein he charges that the engineer and fireman in charge of this locomotive carelessly and negligently failed to give timely and sufficient warning after knowledge of the approach of plaintiff's automobile.

"In determining the issues on that question, you are instructed that it is the law that the engineer and fireman had a right to assume that plaintiff Grinestaff would stop in apt time to avoid a collision, unless they knew the contrary or unless a reasonable person should have known that such was not the case, and if after the fireman discovered the approach of Grinestaff, he and the engineer did all that a reasonable person could do to warn said Grinestaff of the approach and proximity of the railroad engine, then and in that

case plaintiff cannot recover under that count of his declaration.'' This instruction is erroneous for the reason that it omits the element which would make the law announced therein applicable, viz., that appellee had knowledge of the approach of the engine. The engineer and fireman had no right to assume that appellee would stop in time to avoid the collision unless the latter either knew the engine was approaching or by reasonable care could have ascertained that fact.

We find no reversible error in the record and the judgment of the circuit court is affirmed.

*Affirmed.*